IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| XAVIA T. GOODWYN, | ) | Civil Action No. 7:17CV00271 |
|     Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION,** |
| v. | ) | **FINDINGS OF FACT, AND** |
| | ) | **CONCLUSIONS OF LAW** |
| | ) | |
| ROOP, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

Xavia T. Goodwyn, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. After my rulings on summary judgment, the remaining claims were tried in a bench trial before the assigned magistrate judge, who issued a Report and Recommendation ("R&R") on those claims. (Dkt. No. 140.) The R&R recommends that I rule in defendants' favor as to all claims. (*See generally id.*) Goodwyn timely filed "Objections" to the Report (Dkt. No. 141), which are addressed herein.

For the reasons set forth below, I conclude that Goodwyn's objections either are not sufficiently specific to trigger *de novo* review, or are not timely because they challenge prior rulings, rather than the R&R. Moreover, even reviewing them *de novo*, I conclude that the objections lack merit. For these reasons, I will overrule Goodwyn's objections and adopt the R&R in full, including its proposed findings of fact and conclusions of law. By separate order, I will enter judgment in favor of defendants on all remaining claims.

## I.  BACKGROUND

The factual background of the claims and description of the trial testimony and documentary evidence is set forth in the R&R. Given the nature of Goodwyn's objections, which do not challenge any specific portions of the R&R, I will not reiterate that background here, but simply incorporate it by reference. (R&R 1–2, 5–7, 12–29.)

Goodwyn's filing lists five numbered objections. The first three, however, are all part of a single objection—that he had to proceed *pro se* at trial. He notes that he requested legal representation from the court in two separate motions, that this was his "first lawsuit" and he "needed legal guidance" because he did not "know civil law," and that he "made the court aware of [his] lack of legal knowledge in [his] motions, . . . as well as during [the] pretrial conference call. (Objs. 1–3, Dkt. No. 141 at 2.) In his fourth objection, he simply alleges that opposing counsel "used [Goodwyn's] disadvantage to [counsel's] advantage at trial." (Obj. 4, Dkt. No. 141 at 3.) As to this objection, Goodwyn offers no additional detail or argument. Fifth and finally, he requests that the court grant him "an appeal" and "another opportunity to properly present [his] case to the court." (Obj. 5, Dkt. No. 141 at 3.)

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's R&R within fourteen days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's R&R to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). In addressing proper objections, the district court may give a magistrate judge's R&R "such weight as its merit commands and the sound discretion of the judge warrants," *United States v. Raddatz*, 447 U.S. 667, 682–83 (1980) (internal quotations omitted), but must exercise its "non-delegable authority" "by considering the actual testimony," *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985) (citations omitted). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

Significant here, however, *de novo* review is required only of those portions of the R&R to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that *de novo* review of the magistrate's report and recommendation comports with due process requirements). For an objection to trigger *de novo* review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano*, 687 F.2d at 47. General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.*

## B. Goodwyn's Objections

### 1. Objections 1–3, Appointment of Counsel

As noted, Goodwyn's first three objections all challenge his being required to try the case without counsel. Goodwyn is correct that he filed two motions requesting the appointment of counsel. The first of these (Dkt. No. 79) was denied without prejudice by the magistrate judge (Dkt. No. 82). As was explained to Goodwyn in that order,

> [t]he court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). However, the court may request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309. The court finds that plaintiff's circumstances are not sufficiently exceptional to justify appointment of counsel at this time . . . .

(Dkt. No. 82 at 1.)

As to Goodwyn's second motion to appoint counsel, the magistrate judge did not deny the motion. The order instead noted the inability of the court to require an attorney to represent plaintiff and also noted that the court had not found "exceptional circumstances" in Goodwyn's case. (Dkt. No. 89 at 1.) The order nonetheless granted the motion to a limited degree. Specifically, the order states:

> In furtherance of the interests of justice, however, and as part of this court's efforts to have members of the bar undertake representation of indigent and incarcerated pro se plaintiffs in matters of this nature that are set for trial, I hereby GRANT Goodwyn's motion, Dkt. No. 87, to the extent that the court will invite attorneys, via email, to enter an appearance on the plaintiff's behalf within 14 days of this Order's entry. If no attorney enters an appearance on the plaintiff's behalf within 14 days from the entry of this order, however, plaintiff should be prepared to continue to prosecute his action pro se.

(Dkt. No. 89 at 1-2.) Moreover, a staff note on the docket reflects that an email with information about plaintiff's case was sent to a list of attorneys who have expressed an interest in representing indigent or incarcerated plaintiffs in civil cases. (Staff Note dated September 12, 2019.) More than four months passed between the sending of that email and the start of trial, and no attorney ever entered an appearance for Goodwyn.

As an initial matter, Goodwyn's objections on this issue are not timely. He was required to object to the magistrate judge's rulings on these non-dispositive matters within 14 days after receiving the order. Fed. R. Civ. P. 72(a). Here, the actual rulings on Goodwyn's requests for counsel were made many months before he filed his objections, and so "he may not assign as error a defect" in those orders. *See id.* However, even if they were proper objections to the R&R and I were reviewing them *de novo*, I agree with the magistrate judge's treatment of Goodwyn's requests for counsel, based on the entire record and the trial transcript. In particular, I agree that this case did not involve "extraordinary circumstances," in light of the factors set forth in

*Whisenant*, 739 F.2d at 163, which include the type and complexity of the case and the ability of the plaintiff to present it.

As to the first, this case was a fairly straightforward excessive force case and not particularly complex. The claims were based on a series of discrete events, but they all took place over the course of a single morning. The factual issues were not complicated—the dispute at trial was whether the incidents occurred as Goodwyn alleged or not.

As to the second consideration, Goodwyn showed that he was able to express himself adequately, both in writing before trial and at trial. While testifying, he was able to provide a reasonably clear account of what he alleges occurred, and he was able to question defendants' witnesses concerning potential weaknesses or inconsistencies in their versions of events. The transcript reflects that Goodwyn was dissatisfied with the answers given by some of defendants' witnesses and that he believed they were not telling the truth. (*See, e.g.*, Trial Tr. 174, 215, 312–13, Dkt. No. 138.) But the fact that Goodwyn was unable to elicit the testimony he wanted or that he asserts certain testimony was false does not mean that he was unduly hampered by proceeding *pro se*. Moreover, although "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," the magistrate judge not only explained aspects of trial procedure to Goodwyn during the trial, but also assisted in asking questions to elicit information relevant to Goodwyn's claims.

In short, no exceptional circumstances existed to warrant appointment of counsel in this case. Thus, Goodwyn's objections to the magistrate judge's rulings on his motions for appointment of counsel are OVERRULED.

**2. Objection 4, Opposing Counsel's Conduct**

Goodwyn's next objection is entirely vague and likewise does not trigger *de novo* review. He accuses opposing counsel of "taking advantage" of his *pro se* status, but he provides no

5

specific examples and points to nothing to support this assertion. Furthermore, the transcript reflects that opposing counsel was generally cooperative and respectful of Goodwyn. For example, counsel repeatedly assisted Goodwyn in displaying portions of the videos by operating the video display. He also assisted Goodwyn in providing copies of exhibits when Goodwyn did not have them. Goodwyn's fourth objection is OVERRULED.

### 3. Objection 5, Requesting Appeal

As to Goodwyn's final objection, it again is not an objection to any portion of the R&R and does not trigger *de novo* review. Instead, he merely asks for an "appeal" and for another chance to present his case. His objections were his opportunity to ask for review of the R&R. And, for the reasons discussed herein, I will adopt the R&R in its entirety. After the accompanying judgment is entered in this case, however, Goodwyn may appeal this court's decision to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal within the time set forth in Federal Rule of Appellate Procedure 4(a)(1)(A). Thus, although he is certainly permitted to appeal the court's judgment, his fifth objection is otherwise OVERRULED.

## C. Findings of Fact and Conclusions of Law[1]

Having addressed the objections raised by Goodwyn, I turn now to the remainder of the R&R, which I review for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory

---

[1] Federal Rule of Civil Procedure 52(a)(1) provides that "[i]n an action tried on the facts without a jury ... the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court."

committee's note).  Upon reviewing the record here, including the trial transcript and evidence, I am satisfied that there is no clear error in the R&R.  Accordingly, I will adopt the R&R in its entirety and specifically adopt its proposed factual findings and legal conclusions as my findings of fact and conclusions of law, pursuant to Rule 52(a)(1).

### III.  CONCLUSION

For the above reasons, Goodwyn's objections will be overruled, the R&R will be adopted in its entirety, and judgment will be entered in defendants' favor as to all remaining claims.  A separate order and final judgment will be entered.

**ENTER**: This  12th   day of August 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE